IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YANA LANIVSKA,

    Petitioner,

v.   No. 26-cv-0044-KWR-GBW

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Officer Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; AND PAMELA BONDI,
U.S. Attorney General,

    Respondents,[1]

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Yana Lanivska's *pro se* 28 U.S.C. § 2241 Habeas Petition (Doc. 1) (Petition). Also before the Court is Petitioner's Motion to Expedite Consideration of Petition (Doc. 2) (Motion). Petitioner challenges her immigration detention on the ground that her involuntary removal is not reasonably foreseeable. The Petition cites *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Zadvydas* holds that where immigration officials are attempting to effectuate a removal, detention is presumptively reasonable for six (6) months. 533

---

[1] While Petitioner submitted a 28 U.S.C. § 2241 petition naming his warden and U.S. Immigration and Customs Enforcement, the Court adds the above-mentioned parties as additional Respondents. *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the party respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

U.S. at 682. However, "[a]fter this 6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional. *Id. at* 701.

Here, the final order of voluntary departure was entered on October 16, 2025. *See* Doc. 1 at 2. Petitioner appears to argue the six-month period does not apply because she is willing to leave voluntarily, and immigration officials have not released her passport. On this record, the Court will grant the Motion, in part. The Court will order Respondents to answer the Petition and set a briefing schedule but declines to grant further emergency relief at this time.

The Clerk's Office shall email a copy of the Petition (Doc. 1) to Roberto Ortega, the Civil Chief at the United States Attorney's Office (USAO), and Allison Shokes, who handles § 2241 petitions for that office. The USAO must answer the *pro se* Petition within twenty-one (21) days of entry of this Order. *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition). The answer must address the merits of Petitioner's claims. The answer may also address whether Petro Lanivskyi should be allowed to proceed as Petitioner's Next Friend. Petitioner may file an optional reply within fourteen (14) days after the answer is filed.

**IT IS ORDERED** that the Petitioner's Motion to Expedite Consideration of Petition (**Doc. 2**) is **GRANTED, in part, and DENIED, in part,** as set forth above; and the Clerk's Office shall email a copy of the Petition (**Doc. 1**) and this Order to the United States Attorney's Office at the following email addresses: **roberto.ortega@usdoj.gov** (Roberto Ortega, USAO Civil Chief) and **allison.shokes@usdoj.gov** (Allison Shokes, AUSA).

**IT IS FURTHER ORDERED** that the USAO must answer the Petition within twenty-one (21) days of entry of this Order; and if Petitioner wishes to file an optional reply, he must do so within fourteen (14) days after the response is filed.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **ADD** the additional party Respondents set forth in the caption of this Order.

**SO ORDERED**.

_____/S/_____
HON. KEA W. RIGGS
UNITED STATES DISTRICT JUDGE